| | |
|---|---|
| RYAN P. NICHOLS, | |
| Plaintiff, | Case No. 3:24-cv-00208-SLG |
| v. | |
| GEO GROUP, d/b/a Parkview Center, and JOHN DOES 1-9, | |
| Defendants. | |

## SCREENING ORDER

On September 17, 2024, self-represented prisoner Ryan P. Nichols ("Plaintiff") filed a civil complaint, a civil cover sheet, and an application to waive prepayment of the filing fee.[1] Plaintiff is a convicted prisoner currently housed at the Goose Creek Correctional Center ("Goose Creek") in the custody of the Alaska Department of Corrections ("DOC").[2] Plaintiff was also at Goose Creek when he filed this case, but the events giving rise to his claims all allegedly occurred while Plaintiff was housed at the Parkview Center, a reentry facility reportedly operated by the GEO Group. Plaintiff claims that on or about September 15, 2022, nine unidentified Parkview Center staff and their employer, the GEO Group, violated his Eighth Amendment right to be free from cruel and unusual punishment.[3]

---

[1] Dockets 1-4.

[2] Docket 1 at 1, 3.

[3] Docket 1 at 3-5.

Specifically, he claims Defendants sexually assaulted him multiple times, threatened to retaliate against him if he reported the assaults, and conspired to cover up their wrongdoings.[4] Plaintiff claims the GEO Group failed to train and supervise Doe Defendants.[5] For relief, Plaintiff seeks damages in an amount to be determined after a trial, a declaration that Defendants' conduct violated federal and state law, and an order requiring Defendants to comply with federal and state law.[6]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. Although amendment is likely futile, Plaintiff is accorded **60 days** to file an amended complaint that attempts to correct the deficiencies identified in this order.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[7] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

---

[4] Docket 1 at 3-5.

[5] Docket 1 at 6.

[6] Docket 1 at 17.

[7] 28 U.S.C. §§ 1915, 1915A.

Case No. 3:24-cv-00208-SLG, *Nichols v. GEO Group, et al.*
Screening Order
Page 2 of 19
Case 3:24-cv-00208-SLG   Document 7   Filed 02/03/25   Page 2 of 19

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[8]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[9] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[10] Further, a court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim.[11]

Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[12] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[13]

---

[8] 28 U.S.C. § 1915(e)(2)(B).

[9] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[10] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[11] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[12] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[13] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

Case No. 3:24-cv-00208-SLG, *Nichols v. GEO Group, et al.*
Screening Order
Page 3 of 19

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[14] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[15]

## DISCUSSION

Plaintiff claims on or about September 15, 2022, he returned to the Center[16] after work and was instructed to provide a urine sample.[17] Plaintiff claims he provided the sample but was instructed to provide a second sample. Plaintiff claims someone named "Choy" performed a pat down before they entered the bathroom together.[18] While in the bathroom, Choy allegedly claimed to see "something" in Plaintiff's pants.[19] Plaintiff claims Choy then reached into Plaintiff's pants and grabbed his genitals.[20] Then, Plaintiff claims Choy instructed him to pull down his

---

[14] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[15] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[16] Plaintiff refers to the Glenwood Center once in his narrative. Docket 1 at 8. However, he specifically names the Parkview Center throughout the rest of the Complaint and claims Defendants are Parkview Center staff. Plaintiff should clarify the precise location of the alleged events should he file an amended complaint.

[17] Docket 1 at 8.

[18] Docket 1 at 8.

[19] Docket 1 at 9.

[20] Docket 1 at 9.

Case No. 3:24-cv-00208-SLG, *Nichols v. GEO Group, et al.*
Screening Order
Page 4 of 19
Case 3:24-cv-00208-SLG   Document 7   Filed 02/03/25   Page 4 of 19

pants and expose himself, at which point, Choy grabbed his genitals again.[21] Plaintiff claims Choy grabbed him a third time in front of another officer.[22]

Plaintiff claims that although no drugs were detected in his urine analysis, Defendants decided to search his room. Plaintiff claims Defendants did not find anything when they searched his room.[23] But when Plaintiff returned to his room after the search, he allegedly "found some heroin and crystal meth and got high."[24] Plaintiff claims that he requested to be returned to a DOC facility on several occasions because he no longer felt safe at the Center, and that Shift Supervisor Levi refused to give him Prison Rape Elimination Act ("PREA") complaint form.[25]

The next day, Plaintiff allegedly told his case worker and the Center's Director that he wanted to file a PREA complaint and that he wanted to be returned to a DOC facility. A day or two later, Plaintiff had a disciplinary hearing, where he again asked about PREA.[26] Plaintiff states he was subsequently returned to a DOC facility.[27] Plaintiff claims that he went to see a mental health therapist after he was released from DOC custody, where he was diagnosed with several mental health

---

[21] Docket 1 at 10.

[22] Docket 1 at 11.

[23] Docket 1 at 12.

[24] Docket 1 at 12.

[25] Docket 1 at 11.

[26] Docket 1 at 13.

[27] Docket 1 at 14.

Case No. 3:24-cv-00208-SLG, *Nichols v. GEO Group, et al.*
Screening Order
Page 5 of 19
Case 3:24-cv-00208-SLG   Document 7   Filed 02/03/25   Page 5 of 19

conditions and prescribed medication.[28] It is unclear when Plaintiff was released from DOC custody, but at some point before filing this case—presumably around May or June of 2024—Plaintiff returned to DOC custody.[29] Plaintiff claims he never received a response regarding his PREA complaint. Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Trial Courts.[30]

I.   Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[31] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[32] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is

---

[28] Docket 1 at 14.

[29] *See State of Alaska v. Nichols, Ryan Paul,* Case No. 3AN-24-03132CR (Open), Docket Event 05/27/2024 (Eight Criminal Charges Filed); Docket 06/06/2024 (PIH 1st Appearance In-Custody).

[30] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[31] Fed. R. Civ. P. 8(a)(2).

[32] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

Case No. 3:24-cv-00208-SLG, *Nichols v. GEO Group, et al.*
Screening Order
Page 6 of 19
Case 3:24-cv-00208-SLG   Document 7   Filed 02/03/25   Page 6 of 19

plausible on its face."[33] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[34]

Further, a federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[35] and it is not a court's responsibility to review filings or exhibits to identify possible claims. A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and a complaint must allege an affirmative link between that specific injury and the conduct of that defendant.[36]

## II. Any claims for injunctive relief are mooted because Plaintiff is no longer housed at the Center

A prisoner's release from custody or transfer to a different facility "extinguishes his legal interest in an injunction because it would have no effect on him."[37] It appears Plaintiff was transferred from the Center to another DOC facility

---

[33] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

[34] *Ashcroft*, 556 U.S. at 678.

[35] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[36] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[37] *McQuillion v. Schwarzenegger,* 369 F.3d 1091, 1095 (9th Cir. 2004) (citing *Bernhardt v. Cnty. of L.A.,* 279 F.3d 862, 871 (9th Cir. 2002)); *see also Preiser,* 422 U.S. at 402–03 (where prisoner challenges conditions of confinement and seeks injunctive relief, transfer to another prison renders request for injunctive relief moot absent evidence of an expectation that prisoner will be transferred back to offending institution); *Johnson v.*

Case No. 3:24-cv-00208-SLG, *Nichols v. GEO Group, et al.*
Screening Order
Page 7 of 19
Case 3:24-cv-00208-SLG     Document 7     Filed 02/03/25     Page 7 of 19

shortly after the alleged incident, and he has since been released and reincarcerated. In any event, because Plaintiff is no longer housed at the Center, any claims for injunctive or declaratory relief are moot.[38] Therefore, he may only bring claims for monetary damages should he choose to file an amended complaint.

### III. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[39] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[40] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[41] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[42]

---

*Moore,* 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (prisoner's injunctive relief claim against state prison official is moot following transfer to federal prison).

[38] *See* Docket 1 at 17 (requesting injunctive and declaratory relief in addition to monetary damages).

[39] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[40] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[41] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[42] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

Case No. 3:24-cv-00208-SLG, *Nichols v. GEO Group, et al.*
Screening Order
Page 8 of 19
Case 3:24-cv-00208-SLG   Document 7   Filed 02/03/25   Page 8 of 19

The GEO Group is a private company that provides in-custody treatment programs and reentry services to prisoners before their release back into the community.[43] Prisoners' "enjoy a right of action against private correctional providers under 42 U.S.C. §1983."[44]

### A. Individual Defendants

A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[45] Rule 10(b) of the Federal Rules of Civil Procedure requires "[t]he title of the complaint must name all the parties" and a complaint must allege in specific terms how each named defendant caused a specific harm to the plaintiff.[46]

In this case, the Complaint names the GEO Group and nine individuals employed at the Center. While the Complaint refers to an individual named Choy and to Shift Supervisor Levi, it does not name them in the title of the Complaint. Further, Plaintiff has not pleaded facts indicating how any of the unnamed

---

[43] *See* In-Custody Treatment Services, GEO Reentry Services, https://www.geogroup.com/in-custody-treatment-services.

[44] *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71 n.5 (2001).

[45] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[46] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

Case No. 3:24-cv-00208-SLG, *Nichols v. GEO Group, et al.*
Screening Order
Page 9 of 19
Case 3:24-cv-00208-SLG   Document 7   Filed 02/03/25   Page 9 of 19

defendants violated his rights or injured him. Vague and conclusory allegations of civil rights violations are not sufficient.[47] A plaintiff must give each defendant fair notice of the plaintiff's claim and the grounds upon which it rests."[48] In other words, a plaintiff must sequentially explain the events that occurred, to the best of his recollection, and explain what defendant took what action when, and how that action resulted in injury or harm. In order to sufficiently plead a claim against a supervisor under Section 1983, a plaintiff must allege "personal involvement in the constitutional deprivation, or ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[49]

Although federal courts do not generally favor actions against unknown "Doe" defendants,[50] a plaintiff may sue unnamed defendants when the identity of the alleged defendants is not known before filing a complaint.[51] Since Plaintiff is being granted leave to file an amended complaint, he must use the time given to amend to try to ascertain the names of any unnamed defendants and include their true names in the amended complaint. If Plaintiff is unable to identify any

---

[47] *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982).

[48] *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512 (2002).

[49] *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018). *See also* Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) ("[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates.").

[50] *See Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999).

[51] *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980).

Case No. 3:24-cv-00208-SLG, *Nichols v. GEO Group, et al.*
Screening Order
Page 10 of 19
Case 3:24-cv-00208-SLG   Document 7   Filed 02/03/25   Page 10 of 19

defendants, he may use "Doe" defendant designations to refer to defendants whose names are unknown. However, he must number the defendants in the complaint, *e.g.,* "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different person, and he must allege specific facts showing how each particular Doe defendant violated his rights. Once Plaintiff identifies a Doe defendant, he must file a motion to substitute the true name for the Doe defendant.[52] The Court will not investigate the names or identities of unnamed defendants.

### B. Convicted prisoner's claim of sexual assault

Decisions regarding prison security are "peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters."[53] "[C]orrectional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities," and such a policy "must be upheld 'if it is reasonably related to legitimate

---

[52] *Wakefield,* 177 F.3d at 1163 ("[w]here the identity of the alleged defendant is not known prior to the filing of a complaint, the [incarcerated pro se] plaintiff should be given an opportunity through discovery to identify the unknown defendants.").

[53] *Pell v. Procunier,* 417 U.S. 817, 827 (1974); s*ee also Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington,* 566 U.S. 318, 326 (2012) ("The difficulties of operating a detention center must not be underestimated by the courts.").

Case No. 3:24-cv-00208-SLG, *Nichols v. GEO Group, et al.*
Screening Order
Page 11 of 19
Case 3:24-cv-00208-SLG   Document 7   Filed 02/03/25   Page 11 of 19

penological interests.' "[54] Nonetheless, deference to prison officials is unwarranted where search methods are unreasonable.[55] Courts have addressed searches under both the Fourth and Eighth Amendments, which have different standards as discussed further below.

### 1. Fourth Amendment

The Fourth Amendment guarantees "[t]he right of the people to be secure . . . against unreasonable searches and seizures." "This right extends to incarcerated prisoners; however, the reasonableness of a particular search is determined by reference to the prison context."[56] The Supreme Court has held that strip searches of prisoners are constitutionally permissible so long as they are reasonable; but strip searches that are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest," may be unconstitutional.[57] To analyze a claim alleging a violation under the Fourth Amendment, a court must first determine whether a particular invasion of bodily privacy was reasonably related to a legitimate penological interest.[58]

---

[54] *See Turner v. Safley,* 482 U.S. at 89).

[55] *Shorter v. Baca,* 895 F.3d 1176, 1189 (9th Cir. 2018).

[56] *Michenfelder v. Sumner*, 860 F.2d 328, 332–33 (9th Cir. 1988).

[57] *Bell v. Wolfish,* 441 U.S. 520, 558-60 (1979); *Michenfelder,* 860 F.2d at 332.

[58] *See, e.g., Rickman v. Avaniti,* 854 F.2d 327 (9th Cir. 1988) (upholding prison policy requiring visual strip and body cavity searches every time administrative segregation prisoners left their cells); *Michenfelder,* 860 F.2d at 332 (upholding a policy calling for a visual bodily cavity search "whenever an inmate leaves or returns to the unit"); *Sandon v. Lewis,* 139 F.3d 907 (9th Cir. 1998) (holding that body cavity search "when [prisoner-plaintiff] returned to his unit after visiting the law library" did not violate Fourth Amendment because "the prisoner may have the opportunity

Case No. 3:24-cv-00208-SLG, *Nichols v. GEO Group, et al.*
Screening Order
Page 12 of 19
Case 3:24-cv-00208-SLG    Document 7    Filed 02/03/25    Page 12 of 19

A court should then apply the balancing test set forth in *Bell v. Wolfish* and consider: (1) the scope of the particular intrusion, (2) the manner in which it was conducted, (3) the justification for initiating it, and (4) the place in which it was conducted to determine whether the search is constitutionally permissible.[59] There is no doubt that "on occasion a security guard may conduct the search in an abusive fashion," and "[s]uch an abuse cannot be condoned."[60] However, "[t]he prisoner bears the burden of showing that prison officials intentionally used exaggerated or excessive means to enforce security in conducting a search."[61]

### 2. Eighth Amendment

The Eighth Amendment prohibits the imposition of cruel and unusual punishment[62] and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.' "[63] A convicted prisoner presents a viable

---

to obtain contraband").

[59] *Bell v. Wolfish,* 441 U.S. 520, 559 (1979).

[60] *Id.* at 560. *See also Michenfelder*, 860 F.2d at 332 (recognizing that strip searches that are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest" may violate the Fourth Amendment).

[61] *Thompson v. Souza*, 111 F.3d 694, 700 (9th Cir.1997).

[62] Claims for injuries or sexual assault while in custody may be brought by convicted prisoners under the Eighth Amendment's Cruel and Unusual Punishment Clause, or, if the claim is pursued by a pre-trial detainee who is not convicted, under the Fourteenth Amendment's Due Process Clause. *Cf. Bell v. Wolfish*, 441 U.S. 520 (1979) (holding that under the Due Process Clause, a pre-trial detainee may not be punished prior to conviction).

[63] *Estelle v. Gamble,* 429 U.S. 97, 102 (1976) (internal citation omitted).

Case No. 3:24-cv-00208-SLG, *Nichols v. GEO Group, et al.*
Screening Order
Page 13 of 19
Case 3:24-cv-00208-SLG    Document 7    Filed 02/03/25    Page 13 of 19

Eighth Amendment claim when he pleads sufficient facts, that if accepted as true, support each of the following elements for each defendant:

(1) The defendant acted under color of law;

(2) The defendant acted without penological justification; and

(3) touched the prisoner in a sexual manner, engaged in sexual conduct for the defendant's own sexual gratification, or acted for the purpose of humiliating, degrading, or demeaning the prisoner.[64]

In a case where the allegation is that a defendant's conduct began as a search that served a legitimate penological purpose, the prisoner must show that the defendant's conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the search.[65] A plaintiff must allege facts that show that a defendant "acted with a sufficiently culpable state of

---

[64] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.26A and the cases cited therein.

[65] *Bearchild v. Cobban,* 947 F.3d 1130, 1145 (9th Cir. 2020). *See also Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington,* 566 U.S. 318, 330 (2012) ("Correctional officials have a significant interest in conducting a thorough search as a standard part of the intake process."); *Bull v. City & Cnty. of San Francisco*, 595 F.3d 964, 966, 976 (9th Cir. 2010) (upholding a policy "requiring the strip search of all arrestees who were to be introduced into San Francisco's general jail population," because "the greatest opportunity for the introduction of drugs and weapons into the jail occurs at the point when an arrestee is received into the jail for booking and, thereafter, housing").

Case No. 3:24-cv-00208-SLG, *Nichols v. GEO Group, et al.*
Screening Order
Page 14 of 19
Case 3:24-cv-00208-SLG     Document 7     Filed 02/03/25     Page 14 of 19

mind, *i.e.*, for the very purpose of inflicting harm, and that the alleged [strip search] was objectively harmful enough to establish a constitutional violation."[66]

### IV. Filing an Amended Complaint

For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is granted **60 days** to file an amended complaint that attempts to correct the deficiencies identified in this order. However, as explained above, because Plaintiff is no longer at the Center, his claims for injunctive and declaratory relief are now moot. Should Plaintiff choose to file an amended complaint, he may only include claims for monetary damages.

An amended complaint replaces the prior complaint in its entirety.[67] Any claim not included in the amended complaint will be considered waived. An amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[68] A plaintiff need not file exhibits or evidence to attempt to prove his case at the pleading stage.[69] Rather, a complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for

---

[66] *Hudson v. McMillian,* 503 U.S. 1, 8 (1992).

[67] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[68] Fed. R. Civ. P. 8(a)(2).

[69] Although the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope of review at the screening generally is limited to the contents of the complaint. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

Case No. 3:24-cv-00208-SLG, *Nichols v. GEO Group, et al.*
Screening Order
Page 15 of 19
Case 3:24-cv-00208-SLG    Document 7    Filed 02/03/25    Page 15 of 19

relief.[70] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, and with no paragraph number being repeated anywhere in the complaint.[71] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Although Plaintiff is being given an opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. If the amended complaint is dismissed for failure to state a claim and this case is closed, it will count as a "strike" under 28 U.S.C. §1915(g), which may limit Plaintiff's ability

---

[70] Fed. Rule Civ. Proc. 8(a)(2).

[71] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:24-cv-00208-SLG, *Nichols v. GEO Group, et al.*
Screening Order
Page 16 of 19
Case 3:24-cv-00208-SLG   Document 7   Filed 02/03/25   Page 16 of 19

to bring future cases under Section 1983 in federal court.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

3. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

4. Plaintiff's application to waive prepayment of the filing fee at **Docket 3 is GRANTED.**

5. Plaintiff is advised that federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the

Case No. 3:24-cv-00208-SLG, *Nichols v. GEO Group, et al.*
Screening Order
Page 17 of 19
Case 3:24-cv-00208-SLG    Document 7    Filed 02/03/25    Page 17 of 19

action.[72] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order on the collection for the filing fee.

6. If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[73] Failure to comply may result in dismissal of this action.

7. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[74] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

8. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

9. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of

---

[72] 28 U.S.C. § 1915(b)(1)&(2).

[73] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[74] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:24-cv-00208-SLG, *Nichols v. GEO Group, et al.*
Screening Order
Page 18 of 19
Case 3:24-cv-00208-SLG   Document 7   Filed 02/03/25   Page 18 of 19

Address." The Notice shall contain only information about the change of address, and its effective date.[75] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

10. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 3rd day of February 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[75] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:24-cv-00208-SLG, *Nichols v. GEO Group, et al.*
Screening Order
Page 19 of 19
Case 3:24-cv-00208-SLG    Document 7    Filed 02/03/25    Page 19 of 19